IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**TRACY LAVELL MATTHEWS,**

      **Plaintiff,**

v.              Case 2:13-02195-JDT-cgc

**CITY OF MEMPHIS, C. HOLMES (12576),**
Individually and in his Official Capacity
as a City of Memphis Police Officer, and
**JOHN DOES 1-20,** Individually and in their
Official Capacities as Memphis Police Officers,

      **Defendants.**

---

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING
PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY
PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE
AND ON PLAINTIFF'S MOTION TO ISSUE SUMMONS**

---

  Before the Court is Plaintiff Tracy Lavell Matthews' pro se Complaint (Docket Entry "D.E." #1), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915") as Plaintiff is proceeding in forma pauperis (D.E. #3), and Plaintiff's Motion to Issue Summons (D.E. #5). The Section 1915 screening and the Motion to Issue Summons have been referred to the United States Magistrate Judge. (D.E. #4).

  For the reasons set forth herein, it is RECOMMENDED that the following claims state a claim upon which relief may be granted and survive Section 1915 review: (1) Plaintiff's assault and battery claim against Defendant City of Memphis; (2) Plaintiff's false imprisonment claim against Defendant City of Memphis; (3) Plaintiff's Section 1983 claim for violations of the Fourth

1

Amendment against Defendant City of Memphis and Defendant Officer Holmes in his individual capacity; and, (4) Plaintiff's negligence claim against Defendant Officer Holmes.

It is further RECOMMENDED that the following claims be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted: (1) Plaintiff's negligence claim against Defendant City of Memphis; (2) Plaintiff's assault and battery claim against Defendant Officer Holmes; (3) Plaintiff's false imprisonment claim against Defendant Officer Holmes; and, (4) Plaintiff's Section 1983 claims against Defendant City of Memphis and Defendant Officer Holmes in his individual capacity for violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

It is further RECOMMENDED that service of process be issued only as directed below and that Plaintiff's Motion to Issue Service of Process be granted in part and denied in part. It is further RECOMMENDED that, as to the claims that the Magistrate Judge recommends fail to state a claim upon which relief may be granted, that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be denied.

## I. Background

This case arises from allegations relating to Plaintiff's arrest by Defendant C. Holmes ("Officer Holmes"), an Officer of the Memphis Police Department ("MPD"). On March 29, 2013, Plaintiff filed the instant Complaint alleging violations of 42 U.S.C. Sections 1983 and 1988, violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, violations of the Government Tort Liability Act, Tennessee Code Annotated Section 29-20-101, *et seq.* ("GTLA"), and claims of negligence, assault and battery, and false imprisonment.

Plaintiff named as Defendants the City of Memphis, Officer Holmes, and John Does 1-20. [1][2]

Plaintiff alleges that on April 2, 2012, his friend, Sonja Mull ("Mull") called 9-1-1 because her son, Bishop Bledsoe ("Bledsoe"), was intoxicated and became violent with Plaintiff. (Compl. ¶ 8). When Officer Holmes arrived on the scene, Plaintiff had Bledsoe "restrained." (*Id*.) Officer Holmes instructed Plaintiff to "release" Bledsoe, and Plaintiff complied. (*Id*.) Officer Holmes then placed Bledsoe in custody and began to question Plaintiff. (*Id*.) Mull then approached Officer Holmes and Plaintiff "within earshot distan[ce]," Officer Holmes "put his hand on" Mull and "pushed her out of the vicinity" and told her, "'You stay over there out of the way.'" (*Id*.)

Plaintiff told Officer Holmes "not to put his hands on the lady . . . like that," and Plaintiff alleges that Officer Holmes told Plaintiff in an expletive-laden manner not to tell him how to do his job. (*Id*.) Plaintiff responded that they had called Officer Holmes "'seeking help to transport this boy to a mental institution or somewhere where he can get some help.'" (*Id*.) Plaintiff alleges that Officer Holmes "became loud-mouthed" and again told him in an expletive-laden manner not to tell him how to do his job. (*Id*.) Plaintiff then told Officer Holmes that if he was not going to take Bledsoe into custody and "get him some help," that Plaintiff was "declining to press any charges against Bledsoe" and was asking Officer Holmes to "please leave his property." (*Id*.) Plaintiff alleges that Officer Homes responded that he did not have to leave the property. (*Id*.) When

---

[1] Service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is recommended that Plaintiff's Complaint against John Does 1-20 be dismissed.

[2] Plaintiff's Complaint does not set forth which claims he intends to pursue against which Defendants. Accordingly, the Court will presume he seeks to pursue all claims against all Defendants.

3

Plaintiff tried to walk away from Officer Holmes, he claims that he was "accosted . . . in an aggressive manner" and that the "sudden stop caused Plaintiff's knee to twist and caused a ligament to tear." (*Id*.)

Plaintiff alleges that he asked Officer Holmes if he was under arrest and that Officer Holmes responded that he was not but that he was not to walk away. (*Id*.) Plaintiff alleges that he responded to Officer Holmes as follows: "Officer, you have said that I was not under arrest. You have refused to leave my property. I am a photojournalist. There are cameras all around this house that are recording your every action. The Memphis Police Department has a long history of racial discrimination, racial profiling, brutality, engaging in prostitution, drugs, bribery, and all kind of corruption, do you want to add your name to this type of behavior?" (*Id*.) Plaintiff claims that Officer Holmes "grabbed Plaintiff's arm and twisted it behind him (causing a right shoulder tear) then marched Plaintiff to his front yard and told Plaintiff to sit down on the ground next to his patrol car." (*Id*.) Officer Holmes then got on his radio and requested backup. (*Id*.)

When additional officers arrived on the scene, Plaintiff alleges that he told them that "he was in pain and badly injured, that he was willing to forget the events and sweep it under the rug that he needed to get to the hospital." (*Id*.) Plaintiff claims that one officer told him, "We think that this crap [sic], Officer Awadeh said you didn't do anything to be arrested." (*Id*.) Plaintiff alleges that Officer Holmes then walked to Plaintiff's front door and rang the doorbell. (*Id*.) When Plaintiff's wife came to the door, Plaintiff claims he asked her, "Are there any cameras attached to this house?," to which Plaintiff's wife responded that there were not. (*Id*.) Officer Holmes then returned to his car and discussed the matter with his Lieutenant. (*Id*.) Ultimately, Plaintiff was transported to jail. (*Id*.)

4

Plaintiff asserts that Officer Holmes "was acting in the scope of his employment under color of state law" when he "unlawfully assaulted, brutalized, and arrested the Plaintiff causing him to suffer great physical, mental, and emotional injuries. (Compl. at 2). Plaintiff alleges that Officer Holmes's "assault was motivated by a racially discriminatory motive and malice." (*Id.*) Plaintiff further asserts that the City of Memphis failed "to properly train and supervise the individual Defendants," failed to prevent "the unlawful conduct committed by the Individual Defendants," and allowed "the Individual Defendant to exercise official authority after their assessment of the circumstance from 6:58 p.m. to 12:a.m [sic] (5 hours) and use of excessive force and unlawful arrest of the Plaintiff. (*Id.*)

## II. Section 1915 Screening

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment

5

generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### A. Section 1983 Claims

Plaintiff seeks redress for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution via Section 1983. To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Section 1983 itself "creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)).

#### I. Fourth Amendment

First, Plaintiff brings a Section 1983 claim for deprivation of his rights secured by the Fourth Amendment of the United States Constitution, which provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,

shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

In the instant case, Plaintiff has alleged that he was deprived of his constitutional right to be free from unreasonable seizure and has alleged that the deprivation was under color of law. Specifically, Plaintiff alleges that he was subjected to an "unlawful arrest." (Compl. at 2). "To succeed on a Fourth Amendment claim for an unreasonable seizure/unlawful arrest, plaintiffs must show that there was a seizure and that it was unreasonable." *Alexander v. Beale Street Blues Co., Inc.*, 108 F. Supp. 2d 934, 941 (6th Cir. 1999) (quoting *Brower v. County of Inyo*, 489 U.S. 539, 599 (1989)). To determine if a seizure is reasonable, a court must look to whether the officers had probable cause to seize the individual. *Alexander,* 108 F. Supp. 2d at 942 (quoting *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). "Probable cause to make an arrest exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." *Alexander,* 108 F. Supp. 2d at 942. "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Id.*

It is recommended that Plaintiff has adequately plead this claim and that the issue of whether Plaintiff's seizure was reasonable is a question of fact. While Plaintiff has made certain allegations regarding his arrest, the complete circumstances of Plaintiff's arrest is not entirely clear. Thus, this is not a case where there is only one reasonable determination on the question of probable cause. Accordingly, it is recommended that Plaintiff's Complaint suffices to plead a Section 1983 claim

against Defendant City of Memphis and Defendant Officer Holmes in his individual capacity[3] for violation of the Fourth Amendment's prohibition against unreasonable searches and seizures.

### ii. Fifth Amendment

Second, Plaintiff brings a Section 1983 claim for deprivation of his rights secured by the Fifth Amendment of the United States Constitution, which provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V.

Plaintiff does not specify which protection of the Fifth Amendment he alleges was violated. However, it appears to the Court based upon the facts alleged by Plaintiff that he intends to raise a due process claim. The Fifth Amendment's Due Process Clause applies only to the actions of the federal government. *See Scott v. Clay Cty., Tenn.*, 200 F.3d 867, 873 (6th Cir. 2000) (concluding that a failure to allege violations committed by a federal actor render the complaint's citation to the Fifth Amendment a "nullity" and "redundant" of the invocation of the Fourteenth Amendment). In

---

[3] It is recommended that Plaintiff has satisfied the requirement that he set forth clearly in his pleading that he sought to sue Officer Holmes in his individual capacity and not simply in his capacity as a state official, as required in *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989).

Additionally, while Plaintiff states that he seeks to sue both the City of Memphis and Officer Holmes in his official capacity, "a suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Thus, it is further recommended that Plaintiff's attempt to sue Officer Holmes in his official capacity is redundant to his claims against the City of Memphis and should be dismissed pursuant to Section 1915.

the instant case, Plaintiff has not alleged that any federal actor denied him of his right to due process. Accordingly, it is recommended that Plaintiff's Fifth Amendment claim raised pursuant to Section 1983 fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants.

### iii. Eighth Amendment

Third, Plaintiff brings a Section 1983 claim for deprivation of his rights secured by the Eighth Amendment of the United States Constitution, which provides as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment is not implicated if the alleged misconduct occurs prior to a conviction. *Phebus v. City of Memphis*, 340 F. Supp. 2d 874, 879 (W.D.Tenn. 2004) (citing *Bass v. Robinson*, 167 F.3d 1041, 1048-49 (6th Cir. 1999)). As the Supreme Court articulated in *Ingraham v. Wright*, 430 U.S. 651 (1977), "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Id.* at 671 n.40. Plaintiff does not allege that he had been convicted prior to the alleged incident; on the contrary, Plaintiff alleges that he suffered injuries during an arrest. Accordingly, it is recommended that Plaintiff's Eighth Amendment claim raised pursuant to Section 1983 fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants.

### iv. Fourteenth Amendment

Fourth, Plaintiff brings a Section 1983 claim for deprivation of his rights secured by the Fourteenth Amendment of the United States Constitution, which provides in pertinent part that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const.

amend. XIV. It appears to the Court that Plaintiff's purported Fourteenth Amendment claims arise out of the same common nucleus of facts that give rise to his Fourth Amendment claim. Specifically, Plaintiff alleges that he was unlawfully arrested or seized by Officer Holmes. "Such claims are most appropriately analyzed under the reasonableness standard of the Fourth Amendment rather than under a substantive due process approach." *Alexander*, 108 F. Supp. 2d at 940; *see also County of Sacramento v. Lewis*, 523 U.S. 833 (1998) (finding substantive due process claims are inappropriate where other specific textual guarantees exist in the Bill of Rights that cover plaintiff's situation); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (reasoning that claims regarding the seizure of a person should be analyzed under the Fourth Amendment's reasonableness standard rather than a substantive due process approach). Accordingly, it is recommended that Plaintiff's Fourteenth Amendment claim raised pursuant to Section 1983 fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants.

### B. Section 1988 Claims

Next, Plaintiff attempts to bring a claim for a violation of Section 1988. However, Section 1988 does not create a federal cause of action for violation of civil rights. *Monell v. Dep't of Social Svs. of City of New York*, 436 U.S. 658, 701 (1978) (citing *Moor v. Cty. of Alameda*, 411 U.S. 693, 703-04 (1973)); *Hall v. Wooten*, 506 F.2d 564, 568 (6th Cir. 1974) (citing Otto *v. Somers*, 332 F.2d 697, 699 (6th Cir. 1964)). Accordingly, it is recommended that Plaintiff's Section 1988 claim fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants.

### C. GTLA

Next, Plaintiff attempts to bring an action "under the Tennessee government tort liability

statutes" and under Tennessee Code Annotated Section 29-20-101, *et seq.* ("GTLA"). The GTLA does not set forth causes of action, *see*, *Gordon v. City of Henderson*, 766 S.W.2d 784, 786 (Tenn. 1989); instead, it provides for when a municipality and its employees may be held liable and when they are immune from suit.

Specifically, the GTLA codifies the general common law rule that "all government entities shall be immune from suit for any injury which may result from the activities of such governmental entities," Tenn. Code Ann. § 29-20-201(a), subject to statutory exceptions in the Act's provisions, *Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73, 79 (Tenn. 2001). A general waiver of immunity from suit is provided "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment," unless the injury arises out of one of several enumerated exceptions to this section, such as the intentional tort exception or the civil rights exception. *See, e.g., Limbaugh*, 59 S.W.3d at 79, 81-86 (intentional tort exception); *McKenna v. City of Memphis*, 544 F. Supp. 415, 419 (W.D.Tenn. 1982) (civil rights exception). With respect to an employee's liability in his individual capacity, the GTLA provides that "[n]o claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter" unless certain circumstances exist that are unquestionably not present in the instant case. Tenn. Code Ann. § 29-20-310(b). Thus, the Court will consider the mandates of the GTLA in assessing whether Plaintiff has stated a claim upon which relief may be granted against Defendant City of Memphis and/or Defendant Officer Holmes for negligence, assault and battery, and false imprisonment.

### D. Negligence

Under Tennessee law, a negligence claim requires the following elements: (1) a duty of care

11

owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Turner v. Jordan*, 957 S.W.2d 815, 818 (citing *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993)).

With respect to Defendant City of Memphis, the GTLA waives immunity for injuries proximately caused by its employee, Officer Holmes, who is alleged to be acting within the scope of his employment as a MPD officer (Compl. at 2), except if the injury falls within the civil rights exception. Tenn. Code Ann. § 29-20-205(2). Tennessee courts construe "civil rights" under Section 29-20-205 as including claims arising under Section 1983 and the United States Constitution. *Id.* When a state law claim is based upon the same circumstances that give rise to a Section 1983 claim, a municipality is entitled to immunity. *Id.* (citing *Partee v. City of Memphis*, 449 Fed. Appx. 444, 448 (6th Cir. 2011)).

The entire gravamen of Plaintiff's Complaint is that he was unlawfully arrested, which is the basis of his Section 1983 civil-rights action. The GTLA does not permit Plaintiff to pursue a claim against a municipality for injuries arising out of negligent conduct that resulted in a violation of civil rights.[4] Accordingly, it is recommended that Plaintiff's claim against Defendant City of Memphis for Officer Holmes' negligence fails to state a claim upon which relief may be granted and should

---

[4] This Court has permitted a plaintiff to pursue a common law negligence claim against a municipality under circumstances where the negligence claim was both the basis of an alleged civil rights violation as well as an independent claim made "without regard to civil or constitutional rights." *McKenna*, 544 F. Supp. at 419. However, even in the light most favorable to Plaintiff at this earliest stage of the litigation, it is recommended that the entirety of Plaintiff's Complaint centers on his violation of civil rights in the context of an alleged unlawful arrest and does not contain independent claims of common law negligence of the type this Court considered in *McKenna*.

be dismissed pursuant to Section 1915.

With respect to Defendant Officer Holmes, as it is recommended that Defendant City of Memphis has immunity as to Plaintiff's negligence claim under the GTLA, the GTLA does not prohibit an individual suit against Defendant Officer Holmes for negligence. Thus, to survive Section 1915 review on Plaintiff's negligence claim against Officer Holmes, Plaintiff need only adequately plead such a claim. Although Plaintiff does not set forth his negligence claim with great precision, the essence of his claim is that Officer Holmes failed to use ordinary or reasonable care in effectuating his arrest. While this claim is not well-developed, it is recommended that Plaintiff does provide sufficient factual substantiation to survive this initial Section 1915 review.

### *E. Assault and Battery*

Under Tennessee law, a civil action for assault requires the intentional, knowing, or reckless causation of bodily injury to another. *Hughes v. Metro. Gov't of Nashville and Davidson Cty.*, 340 S.W.3d 352, 370-71 (Tenn. 2011). "A battery is any unlawful beating, or other wrongful physical violence or constraint, inflicted on a human being without his consent." *Alexander*, 108 F. Supp. 2d at 946.

With respect to Defendant City of Memphis, the Tennessee Supreme Court permits municipal liability under the GTLA for the assault and battery committed by its employees when the injuries were proximately caused by the negligence of the municipality. *Limbaugh v. Coffee Cty. Med. Ctr.*, 59 S.W.3d 73, 84 (Tenn. 2001) (recognizing assault and battery as exceptions to a general rule of municipal immunity for intentional torts). Plaintiff has alleged that Officer Holmes physically injured him twice in the altercations relating to his arrest, that the City of Memphis had failed to properly hire, train, supervise, and prevent the injuries he sustained, and that the City of

13

Memphis had actual or constructive knowledge of the same or similar conduct by MPD officers and did not remedy it. Accordingly, it is recommended that Plaintiff's claim against Defendant City of Memphis for Officer Holmes' assault and battery states a claim upon which relief may be granted and survives Section 1915 review.

With respect to Defendant Officer Holmes, Section 29-20-310 of the GTLA does not permit a plaintiff to pursue a claim against an employee of the municipality in his individual capacity when the municipality's immunity has been removed. As it is recommended as to Plaintiff's assault and battery claim that the municipality's immunity has been removed, it is further recommended that Plaintiff's claim for assault and battery against Officer Holmes fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### *F. False Imprisonment*

Under Tennessee Law, false imprisonment is the intentional restraint or detention of another without just cause. *Brown v. SCOA Indus., Inc.*, 741 S.W.2d 916, 919 (Tenn. Ct. App. 1987). False imprisonment requires that the defendant must have acted without probable cause. *Id.* An arresting officer must "act prudently, reasonably and use ordinary care in making arrests." *State ex rel. Anderson v. Evatt*, 471 S.W.2d 949, 950 (Tenn. Ct. App. 1971).

With respect to Defendant City of Memphis, Plaintiff alleges the municipality was negligent in "permitting the false imprisonment" by Officer Holmes. (Compl. ¶ 21). The GTLA removes municipal immunity for negligently caused injuries unless an exception applies. Tenn. Code Ann. § 29-20-205. The sole exception for false imprisonment is for "[f]alse imprisonment pursuant to a mittimus from a court," which Plaintiff has alleged not to be the case. (Compl. ¶ 22). Accordingly, it is recommended that Plaintiff's claim against Defendant City of Memphis for Officer Holmes'

14

false imprisonment states a claim upon which relief may be granted and survives Section 1915 review.

With respect to Defendant Officer Holmes, Section 29-20-310 of the GTLA does not permit a plaintiff to pursue a claim against an employee of the municipality in his individual capacity when the municipality's immunity has been removed. As it is recommended as to Plaintiff's false imprisonment claim that the municipality's immunity has been removed, it is further recommended that Plaintiff's claim for false imprisonment against Officer Holmes fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### III. Service of Process

The Court has recommended that the following claims state a claim upon which relief may be granted and survive Section 1915 review: (1) Plaintiff's assault and battery claim against Defendant City of Memphis; (2) Plaintiff's false imprisonment claim against Defendant City of Memphis; (3) Plaintiff's Section 1983 claim for violations of the Fourth Amendment against Defendant City of Memphis and Defendant Officer Holmes in his individual capacity; and, (4) Plaintiff's negligence claim against Defendant Officer Holmes. Accordingly, it is recommended that, should be District Court adopt this Report and Recommendation, that the Clerk shall be ordered to issue process for Defendants and deliver that process to the marshal for service. Process shall include a copy of Plaintiff's Complaint.

In the event that service is ordered by the District Court, such service shall be made on Defendants pursuant to Rule 4(f) and 4(j) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and the

local rules of this Court. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.[5]

## IV. Certification of Appealability

Additionally, the Court has recommended that the following claims be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted: (1) Plaintiff's negligence claim against Defendant City of Memphis; (2) Plaintiff's assault and battery claim against Defendant Officer Holmes; (3) Plaintiff's false imprisonment claim against Defendant Officer Holmes; and, (4) Plaintiff's Section 1983 claims against Defendant City of Memphis and Defendant Officer Holmes in his individual capacity for violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Thus, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should he seek to do so.

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court

---

[5] With respect to Plaintiff's Motion to Issue Summons, which is already an issue that the Court must consider in completing the Section 1915 review, it is recommended for the reasons set forth above that Plaintiff's motion be granted in part and denied in part.

of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be denied. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 21st day of February, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**